Alexian Brothers vs. City of Oshkosh.

---

ALEXIAN BROTHERS, Respondent, vs. CITY OF OSHKOSH, Appellant.

*January 15 — February 2, 1897.*

*Municipal corporations: Damages for opening streets.*

In a proceeding by a municipal corporation to condemn land for a street through a tract which is used for agricultural purposes only, no speculative damages or values should be allowed, nor should the value of the land taken be determined by what it might be worth at some remote future time, when it might be used for some other purpose, but it should be governed by the fair market value thereof at the time it was taken, for any purpose for which it might reasonably be used in the immediate future; and if its adaptability to some use to which it might be put in the near future, such as platting into city lots, increased its value at that time, such increase would be a proper ground of assessment of damages.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This was an appeal from an assessment of damages and benefits in the matter of the condemnation of certain land belonging to *Alexian Brothers*, a corporation, for the opening of Wisconsin avenue, in the city of *Oshkosh*, through block 133, said block being owned and occupied by the plaintiff, fronting on two streets, namely, New York avenue and Prospect avenue, the strip taken being sixty feet wide and 604 feet in length, running due north and south through

the center of the block. The award of the board of public works was $250 for the strip of land and $150 for benefits. The *Alexian Brothers* appealed to the circuit court. Upon the trial in the circuit court it was agreed that the benefits would amount to $150, and the controversy was as to the value of the strip of land taken, amounting to five sixths of an acre. The only question presented is as to the rulings of the court in its charge to the jury.

It appeared that the land had never been platted into lots, and there were no streets running through it in either direction. The block was about 604 feet in depth, north and south, and about the same width from east to west. The south one half was used for pasture, and the north one half for raising of oats and other grain, and in part for a vegetable garden. The witnesses on the part of the plaintiff, as to the fair market value of the land, testified variously that it was worth from $1,400 to $1,500, $1,700, and $2,000. They were real-estate dealers, and familiar with such property. The testimony on the part of the defendant was that the land was worth from $700 to $750 and $800. The witnesses for the plaintiff based their opinion somewhat upon the fact that by platting the land into lots it would sell in the market for more than if sold by the acre, and would sell for from $1,400 to $2,000, and they gave various estimates of the value if the strip was divided into two large lots, one fronting on New York avenue, and the other on Prospect avenue.

The court instructed the jury that in determining the value of the land actually taken they were to be governed by the fair market value at the time it was taken, for any purpose for which it might reasonably be used in the immediate future; that the question was, What was the land then worth in the market, with reference to its availability by a prudent and discreet business man? that if the present value was enhanced by reason of its adaptability to some

use to which it might be put in the near future, was so situated that it might be platted into city lots, and that its present value was thereby increased, such increase was a proper basis for the assessment of damages. At the request of the defendant, the court instructed the jury that, in determining what the fair market value was, they "must consider its value to the owner in the market, and its value is not to be determined by what the land might be worth at some remote future time, when it might be used for some other purpose; but you may consider its present value for such purpose, and its adaptability for some other use in the near future. The actual use to which it is put must also be considered with the surrounding circumstances. You are not to include remote or speculative values, but only the value of the land when it was taken with reference to its availability for any purpose to which it might reasonably be put. In determining the fair market value of the property taken, you have the right to take into consideration its location, the fact that it has been used by the owner for agricultural purposes, and that it has been assessed as acreage property. The fact that this property is located within the corporate limits of the city of *Oshkosh* does not affect its value as lots. The owner has a right to use it for agricultural purposes; and, that being what the owner used it for, in determining its value to the owner you should not take into consideration what it might be worth at some remote and future time, when it might be put on the market as lots; but you may consider its present value for such purposes." And the court further charged that "Speculative damages cannot be allowed. You can only allow actual damages; that is, what the owner has been damaged, considering the value of the land to the owner, and his use of it."

The court refused to instruct the jury that they "should not consider what the land would sell for in the distant

future, if the premises had been platted into lots, streets opened, and the lots offered for sale." Also " that the price per lot is not a measure of value, either in the near or distant future, for that is too remote, uncertain, and speculative."

The jury, in answering the questions, found the fair market value of the strip of land taken by the city of *Oshkosh* for street purposes, at the time of the taking, to be $1,200, and assessed the benefits to the remainder of the land on account of taking said land and laying a street through it at $150. A motion was made to set aside the finding as contrary to law and the evidence, for excessive damages, for misdirection on the trial by the circuit judge, and for refusing instructions asked. The motion was overruled, and the plaintiff had judgment for $1,200, less said benefits, together with costs,— in all $1,121.41,— from which the defendant appealed.

*J. H. Davidson,* for the appellant, as to the proper rule for estimating damages in such a case, cited *Watson v. M. & M. R. Co.* 57 Wis. 332, 356; *Munkwitz v. C., M. & St. P. R. Co.* 64 id. 403; *Welch v. M. & St. P. R. Co.* 27 id. 108; *Burt v. Wigglesworth,* 117 Mass. 302.

For the respondent there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *John W. Hume.*

PINNEY, J. The instructions to the jury were sufficiently favorable to the defendant, and left the case for the determination of the jury in accordance with proper guides for determining the value of the property taken. The court told the jury that speculative damages were not to be allowed, and in determining the value of the land they should not take into consideration what it might be worth at some remote and future time, when it might be used for some other purpose; that in determining the value of the land taken they were to be governed by the fair market value at the time it was taken, for any purpose for which it might

reasonably be used in the *immediate* future; that if the present value was enhanced "by reason of its adaptability to some use to which it might be put in the near future, was so situated that it might be platted into city lots, and that its present value was thereby increased, such increase was a proper ground of assessment of damages;" that "the actual use to which it is put must also be considered with the surrounding circumstances; that you are not to include remote or speculative values, but only the value of the land when taken, with reference to its availability for any purpose to which it might reasonably be put;" that they "should not take into consideration what it might be worth at some remote and future time, when it might be put on the market as lots, but you may consider its present value for such purposes."

The only evidence as to the value of the land taken, tending to show what it would be worth in the "immediate" or "near" future, was that it would be worth more if platted into lots, which could have been readily and immediately accomplished,— at least without material delay,— than if kept as acreage property. The language "immediate or near future" had reference to this aspect of the case, and cannot, we think, under the circumstances, be regarded as erroneous or misleading. It referred to present advantage or adaptability of the property, which might be realized with but trifling expense, and without material delay. The instructions were in substantial conformity to the law as held in *Washburn v. M. & L. W. R. Co.* 59 Wis. 378; *Driver v. W. U. R. Co.* 32 Wis. 569, and *Esch v. C., M. & St. P. R. Co.* 72 Wis. 232. The instructions given embraced, in substance, all that was contained in the instructions refused that was applicable to the case, and the refusal to give them as asked was not error. The evidence fully sustains the finding of the jury, and the motion for a new trial was properly denied.

John R. Davis Lumber Co. vs. Hartford Fire Ins. Co. and others.

It follows from these views that the judgment of the cir-
cuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is af-
firmed.