(No. 28180.—

THE COUNTY OF COOK, Appellee, *vs.* NORTH SHORE ELECTRIC COMPANY *et al.,* Appellants.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

PEDEN, RYAN & ANDREAS, (GERALD RYAN, and DANIEL S. WENTWORTH, of counsel,) all of Chicago, for appellants.

CHARLES E. BYRNE, (GERALD R. GORMAN, of counsel,) both of Chicago, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Appellee, the County of Cook, instituted in the circuit court of Cook county a proceeding to acquire by eminent domain certain property needed for the widening and extension of Stony Island avenue southward from Sibley boulevard.

The property of appellants consisting of two vacant lots described as lots 8 and 9 in block 3, Sunset Ridge subdivision, was included in the petition. These lots are located at the southwest corner of Michigan City road and Stony Island avenue, which is two miles from the business section of the village of Dolton, a village of 3000 people.

A separate trial by jury was had as to the value of the two lots taken in their entirety. After hearing the evidence and viewing the premises, the jury returned a verdict of $1500.

Contending that the verdict is confiscatory and that appellants have been denied certain constitutional rights, an appeal has been prosecuted to this court. By stipulation, the record has been shortened to include only matters subsequent to the acceptance of the jury, and the errors assigned arise largely from procedure and instructions given the jury.

The tract of ground is not rectangular in shape by reason of Michigan City road being a diagonal street. The appellants purchased the lots in 1925 for the sum of

$12,500. Only three witnesses were called as to the present value.

Albert Harms, called as an expert by the appellee, testified that he was a lifelong resident of Dolton; that for the past eight years he had been engaged in the real-estate and insurance business; that the bulk of his business was in Dolton and he was the only real-estate broker in that vicinity. He related personal knowledge of several recent sales of lots in the immediate neighborhood of the real estate in question and showed a rather intimate acquaintance with the premises in controversy and with real-estate values in the village of Dolton. He fixed the value of the two lots at $1245.

Joseph P. Lavin, a real-estate broker with offices in the loop, was called by appellee also as an expert. He testified to a wide experience in the general real-estate business and to an investigation into sales and values in the vicinity of Dolton. He fixed the value of the two lots at $1334.

G. W. Kunstman, a real-estate broker from Chicago, was the sole witness on values for the appellants. He exhibited a wide knowledge of the real-estate business but a limited acquaintance with the values in the village of Dolton. He stated that in his opinion the lots were worth the sum of $12,500.

On the sole question of the weight of the evidence, we cannot find any basis for complaint on the part of appellants. The jury saw the witnesses on the stand and heard them testify. It afterwards viewed the premises as provided for in the Eminent Domain Act before considering its verdict. There was nothing irregular or unusual about the trial of the case, and a court will not interfere with the finding of a jury on the question of damages unless that finding is clearly and palpably against the weight of the evidence.

But the appellants complain that they have been deprived of their constitutional rights because in instructions 2 and 4 the court told the jury that its personal inspection of the premises was in the nature of evidence and that it must be guided by the evidence, including its view of the premises. This instruction, they say, gave to the jury *carte blanche* to use its own judgment as to the application and consideration of its unlimited and undirected observation or view of the premises in arriving at a verdict. They argue that Illinois has two statutory provisions for the taking of private property for public or *quasi*-public use, one known as the Eminent Domain Act and the other the Local Improvement Act. Each act has a section providing for a view of the premises by the jury, and appellants maintain that, being similar-purpose sections, they should be interpreted *in pari materia*. We do not agree that there is inconsistency and chaos in the decisions of this court because of the broad provision of the Eminent Domain Act providing for a view of the premises by the jury. Under the common law, view by jury was allowed or not, as the court, in its discretion, determined.

To hold that there are no material differences between section 25 of the Local Improvement Act and section 9 of the Eminent Domain Act would be directly in conflict with the former holdings of this court. In the case of *City of Chicago* v. *Koff*, 341 Ill. 520, this court very clearly set forth the differences between the two procedural sections and the reasons therefor. In speaking of eminent domain cases, it was there stated, "These cases were brought under the Eminent Domain statute, which changes the common law in that it requires a view of the premises at the request of either party." In commenting upon the particular question raised by appellants, the court, in that case, said: "Counsel for appellee argue that as both actions, those under the Eminent Domain statute and those

under the Local Improvement Act, are proceedings in which private property is taken for public use, the practice under the Eminent Domain act as to view by the jury should be applied in this case. With this, however, we cannot agree. Sections 13 to 33 of the Local Improvement Act provide in detail the proceeding in cases where private property is to be taken for a local improvement and in material respects differ from the Eminent Domain Act. As we have seen, the Local Improvement Act does not depart from the rule of the common law with reference to a view of the property by the jury, and the common law rule, therefore, applies." We believe it has been made plain in this case that the jury's view of the premises in a case under the Local Improvement Act is pursuant to the rule in common law; whereas, under the Eminent Domain Act it is pursuant to the statute and not under the common law.

We do not think the language in the *Koff case* can be dismissed as *obiter dicta,* as it is based on many prior decisions of this court. To now say that uncontrolled view of premises by a jury, as in this case, is not lawful evidence would be a departure from a principle of law well settled by numerous decisions in Illinois. A few of the many cases supporting the rule of law that the jury's view of the premises in an eminent domain case is in the nature of evidence are *City of Chicago* v. *Koff,* 341 Ill. 520; *South Park Comrs.* v. *Livingston,* 344 Ill. 368; *Lanquist* v. *City of Chicago,* 200 Ill. 69; *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547.

We do not find any error in the instructions given the jury, nor other substantial error in this record. We believe the appellants were given a fair trial and that the verdict of the jury should not be disturbed.

*Judgment affirmed.*