GREEN ACRES MEMORIAL PARK, INC. *v.*
MISSISSIPPI STATE HIGHWAY COMMISSION

No. 42658          May 13, 1963          153 So. 2d 286

*Prewitt & Bullard,* Vicksburg, for appellant.

858

*Teller, Biedenharn & Rogers,* Vicksburg, for appellee.

RODGERS, J.

This is an eminent domain proceeding, brought by the Mississippi Highway Commission against Green Acres Memorial Park, Inc., a commercial, perpetual care, cemetery. The condemnation proceedings were instituted for the purpose of acquiring a strip of land across the back of the cemetery at a place where no grave spaces had been sold and no interments had been made. The Highway Commission sought the condemnation of the land for the purpose of building Highway 27.

A survey and plat of the land had been made by Green Acres Memorial Park, Inc., (hereinafter called Cemetery) and this plat had been recorded in the office of the chancery clerk. Covenants had been recorded, restricting the use of the property for interment of certain people.

The condemnation proceedings were begun in the County Court of Warren County by a petition properly describing the land. In due time a trial was had and a judgment was entered in accordance with the verdict of the jury, permitting the acquisition of the strip of land, and assessing appellee's damages at $4,000. The Cemetery appealed to the Circuit Court of Warren County where an order was entered affirming the judgment of the county court, and from this order the case has been appealed to this Court.

Appellant complains that reversible error occurred in the trial in the county court because: (1) A witness was permitted to give opinion evidence as to the value of the land taken, without giving evidence as to the value of the entire Cemetery before and after taking; (2) the trial judge permitted evidence to be introduced before the jury showing the value of the land that might be substituted for the land acquired; (3) the trial court should have permitted evidence of the sale price of a similar cemetery property; and (4) certain instructions requested by appellant should have been granted.

The record in this case shows that appellant is a commercial cemetery corporation and that it owned 103 acres of land a few miles east of Vicksburg, Mississippi. Evidence shows that when the property was surveyed certain markers were established on the land and that as the land is sold and is needed for the purpose of burial, it is graded and beautified by planting grass and shrubbery. The Cemetery is located on the south side of Highway 80 and extends south in the form of

an inverted letter "L", that is to say, the bottom part of the "L" extends to the left, rather than to the right, and in a westerly direction.

The part condemned on the petition of the Commission is the extreme end of the Cemetery on the west side. At the time the condemnation proceedings were instituted the land was covered with bushes, briars and saplings.

After the Commission had introduced area maps showing the location and grade of the strip of land sought to be acquired for the construction of the highway, the jury was transported to the location of the property and permitted to observe the land taken and also the Cemetery property. The Commission then introduced the testimony of Mr. Sam Kliesdorf, an experienced land appraiser, who testified that the highest and best use for the property at the present time was for residential lots. He testified that the value of the acquired land was $800, to this he added the value of a fence taken at $41.60; a new fence to be built valued at $72.17, and the cost of gates and posts valued at $80, making a total of $993.77. He testified that the value of the Cemetery would be $1,000 less than before the taking. He stated he did not attribute any damages to the remainder of the Cemetery. He examined the land records of Warren County to ascertain whether or not any comparable property had been sold in the area, and he found that fourteen acres adjoining the Cemetery had been sold to Mr. Varner (President of the Cemetery) within the past year. He testified that documentary stamps of $1.10 appeared on the deed, indicating a sale price of $80 per acre.

Appellant objected to the testimony of Mr. Kliesdorf and predicates his first two suggestions of error upon the introduction of this evidence.

## I.

Appellant complains that the trial court should not have permitted the witness Kliesdorf to have given his opinion of the value of the land taken without requiring the witness to show the total value of the entire Cemetery before the taking and the value of the entire Cemetery immediately after the appropriation.

Appellant argues, "The question presented by this proposition is whether the rule of Mississippi State Highway v. Hillman, 189 Miss. 850, 198 So. 565 (1940), has been replaced by Morris v. Mississippi State Highway Commission, 240 Miss. 783, 129 So. 2d 367."

The Hillman case, *supra,* reviewed the authorities, including Section 17 of the Constitution of 1890. The Legislature has since implemented the Constitution by enacting an eminent domain proceeding found in Chap. 3, Title 12, Code 1942, beginning with Sec. 2749. Under this law the justice of the peace is required by Sec. 2760, Code 1942, to instruct the jury that "The defendant is entitled to due compensation, not only for the value of the property to be actually taken as specified in the application, but also for damages, if any, which may result to him as a consequence of the taking * * *".

The factual question that immediately presents itself is: What is due compensation in this case? **(Hn 1)** It is obvious that the elements of compensation depend largely upon the nature and extent of the right taken, or the interest acquired, as well as upon the resulting injury to the owner of the property. **(Hn 2)** When the whole property is taken, the damage is the fair market value of the property. See Orgel on Valuation under Eminent Domain, 2d Ed., Vol. 1, Sec. 15, p. 76; 29 C. J. S., Eminent Domain, Sec. 138, p. 976.

**(Hn 3)** Market value means the fair cash, market value as between one who wants to purchase and one who

wants to sell, or the amount for which it would actually sell at the time (not what it might bring or ought to bring at some future time.) Orgel on Valuation, *supra,* p. 76; 29 C. J. S., Eminent Domain, Sec. 137, p. 974; Miss. State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565.

(**Hn 4**) On the other hand, where a part of a tract of land is taken for public use, the "due compensation" which Section 17, Mississippi Constitution 1890, guarantees an owner is not only the value of the property taken, but also the damages accruing to the residue of the land resulting from the taking, and the measure of damage is the damage done to the fair market value of the entire tract by the taking. (**Hn 5**) In short, the owner is entitled to the difference in the value of the whole tract immediately before and immediately after the appropriation is made. This is said to be the rule in the "Hilman case", supra. Many cases to the same effect have been decided by this Court since the decision in the Hillman case. Some of these authorities are listed in the cases of Union Producing Company v. Pittman, 245 Miss. 427, 146 So. 2d 553; Lee v. Indian Creek Drainage Dist. No. 1 of Panola, Quitman and Tunica Counties, Mississippi, et al., 246 Miss. 254; 148 So. 2d 663, Miss. State Highway Commission v. Strong, 240 Miss. 756, 129 So. 2d 349. See also 29 C. J. S., Eminent Domain, Sec. 139, p. 976; Bennett v. City of Marion, 106 Iowa 628, 76 N. W. 844; Chicago, R.I. & P. R. Company v. O'Neill, 58 Neb. 239, 78 N. W. 521.

(**Hn 6**) In the Hillman case, however, we pointed out that "There are exceptional cases to which this before and after taking rule is not applicable. Richardson v. Board of Levee Commissioners, 68 Miss. 539, 9 So. 351."

In the case of Morris v. Miss. State Highway Commission, 240 Miss. 783, 129 So. 2d 367, the witness for the Commission testified as to damages to land taken

without appraising the fair market value of the remaining land, and stated that the remaining part of the land was not damaged. This Court in commenting on the Hillman case said:

"Actually there was no departure in the present case from the before and after rule as a measure of damage. The jury was properly instructed according to the before and after rule. What the trial court did in reference to the testimony of appellee's witnesses was to permit a variation in the method of proving the difference in the before and after value. The witnesses were entitled to their opinion that the land remaining which was south of the new facility was not damaged by the taking. The jury had a right to believe these witnesses."

(Hn 7) In the instant case, the witness Sam Kliesdorf did not base his opinion of the damages resulting to the owner on the difference between the fair market value of the entire plot of land before and immediately after the taking. He said: "I would say the value of the property after the take would be $1,000.00 less than the value before the take in view of the fact there cannot be any damages to the property because of the taking of this one acre on the western perimeter of the property." He then said he did not attribute any damages to the remainder of the land.

In the case of Miss. State Highway Commission v. Strong, 240 Miss. 756, 129 So. 2d 349, we said: "The 'before and after' rule, however, does not mean that each witness must give a before and after valuation of the property; because some witnesses may know the fair market value of the property before the taking, and not know the fair market value of the property after the taking, and vice versa. Again a witness may not know the overall valuation of the property before and after the taking, but may know, for example the value of a fence   *  *  *".

Testimony of an expert witness is often attacked by counsel and sometimes excluded by the court when it appears that the witness has misapplied or misconceived the ''fair market value rule'' and has based his opinion on an estimated ''value to the owner'', ''value to the taker'' or ''reproduction cost.'' See Orgel on Valuation under Eminent Domain, 2nd Ed., Vol. 1, Sec. 135, p. 580.

In the instant case, the expert value witness testified within the proper fair market value rule, he simply did not believe there was any injury to the remaining part of the plot of land after the severance of one acre on the ''back side.'' Moreover, the facts were submitted to the jury on proper instructions as to the damages due the owner under the ''before and after rule'' above-mentioned. The verdict of the jury was correctly based upon the ''before and after'' rule in determining the damages to appellant as a result of the injury to its property.

We are of the opinion that the case of Morris v. Miss. State Highway Commission, *supra,* is controlling on the question here presented, and the trial court was correct in overruling the objection to the testimony of the witness Kliesdorf. Rasberry v. Calhoun County, Mississippi, 230 Miss. 858, 94 So. 2d 612; 29 C. J. S., Eminent Domain, Sec. 272, p. 1258.

II.

The appellant's argument that the trial court permitted the appellee to introduce testimony to show that there was available land nearby which could be substituted for the acre of land taken for highway purposes is not tenable. We cannot agree with this argument because it is apparent that the testimony with reference to the land adjacent to the Cemetery was not offered to show such land could be substituted for the land taken. It was offered to show the market value of com-

parable land in the vicinity by showing a recent sale of land adjoining the Cemetery.

(Hn 8) The recent sale of comparable real property in the vicinity sought to be acquired may be shown in evidence to establish the fair cash market value of the land acquired. Miss. State Highway Commission v. Stout, 242 Miss. 208, 134 So. 2d 467. The general rule is expressed in 18 Am. Jur., Eminent Domain, Sec. 351, p. 994, as follows: "It is a generally approved doctrine that evidence of the price paid for similar property by another than the condemner is admissible on the question of the value of the property condemned or damaged, provided the transaction was not so far removed in point of time from the appropriation as to make a comparison unjust or impossible * * *". See also 20 Am. Jur., Evidence, Sec. 376, p. 341; Orgel on Valuation under Eminent Domain, 2d Ed., Vol. 1, Sec. 137, Sales of Similar Property, p. 582.

### III.

The contention of appellant that the trial court erroneously refused to permit the introduction of testimony to show the sale price of similar cemetery property is not tenable because such evidence tends to show the special value of the cemetery to the owner, as being land on which a business is being conducted, rather than the fair market value of the land. (Hn 9) Moreover, the anticipated profits from a cemetery business cannot be taken into consideration in determining the fair, cash market value of the land sought to be acquired.

In the case of Miss. State Highway Commission v. Brooks, 239 Miss. 308, 123 So. 2d 423, this Court said: "The rule is well settled that the present value of land sought to be condemned in eminent domain proceedings is not to be estimated simply with reference to the condition in which the owner has maintained it or for the use for which it is at the time applied, but with

reference to any use to which it is reasonably adapted. The best or most valuable use to which the property, which is taken for the public use, is adapted should be considered. 29 C. J. S., Eminent Domain, Sec. 160, p. 1024, and cases cited.''

(Hn 10) It is well-settled in this State and in most jurisdictions that the owner is not entitled to recover the anticipated profits of his business which are lost by the taking of the land upon which it is carried on. Nichols on Eminent Domain, 3d. Ed., Vol. 4, Sec. 13.3, p. 439; Miss. State Highway Commission v. Valentine, 239 Miss. 890, 124 So. 2d 690; Miss. State Highway Commission v. Ladner, 243 Miss. 139, 137 So. 2d 791; Miss. State Highway Commission v. McCardle, 243 Miss. 111, 137 So. 2d 793; Alexian Brothers v. City of Oshkosh, 95 Wis. 221, 70 N.W. 162.

It is pointed out by Nichols in his book on Eminent Domain, supra, at p. 121, that ''Anticipated future profits are objectionable not only upon the grounds stated with respect to past profits, but also on the ground that such profits are necessarily conjectural. Such profits depend on so many contingencies that an accurate valuation cannot be based thereon. Experience and observation both show that paper future profits are more often illusory than real.'' See also 29 C. J. S., Eminent Domain, Sec. 162, p. 1031.

This Court said in State Highway Commission v. Brown, 176 Miss. 23, 168 So. 277, ''In estimating compensatory damages, consideration must be given the fair market value of the property and all of its available uses and purposes.'' (Citing many cases.) The Court then said, ''After showing that the property is adapted to a particular use and available therefor, it must appear that there is some probability that the land will be used for such purpose within a reasonable time.''

We believe that the well-reasoned opinion in Laureldale Cemetery Company v. Reading Company, 303 Pa.

315, 154 A. 372, is not only persuasive but is based on similar facts to the case here on appeal. In that case the Supreme Court of Pennsylvania said: ''The question before us for decision is this: When 8¼ unused acres of a total cemetery plot of 117 acres are taken by a railroad company under eminent domain proceedings, what is the proper measure of damages? Appellant claims that the proper measure is the value of the land for the sepulture purposes. The court below found the proper measure to be the difference in the market value of appellant's premises before and as unaffected by the taking, and the market value of appellant's premises after and as affected by the taking.''

The Court, after a study of the authorities cited, said: ''This case was tried on the correct theory and all the rulings of the learned trial judge were in harmony herewith.''

(Hn 11) We have reached the conclusion in the instant case that the trial court was correct in excluding the opinion evidence of the sale price of similar, comparable cemetery property as a ''going concern.'' It must be remembered that a large part of this Cemetery is already sold to individual lot owners and the sale price sought to be shown by the appellant was that of a ''going business'', which includes the anticipated profit and the good will created by the manner of grooming and caring for graves already occupied, and the beautification of the used area. It also includes a trust fund deposited to insure perpetual upkeep of the cemetery, roads, graves and environs. It is obvious that the Cemetery business is not being appropriated by eminent domain proceedings brought to acquire an unused acre of land located on the ''back side'' or western periphery. Evidence of the value of the Cemetery, as a business, was therefore properly excluded from the consideration of the jury.

Finally, we find no error in the ruling of the court with reference to the instruction refused, complained of by appellant.

The judgment of the Circuit Court, affirming the judgment of the County Court, is therefore affirmed.

Affirmed.

*McGehee, C. J., and Kyle, Gillespie and Jones, JJ.,* concur.