City of Akron, Appellant, *v.* Alexander, Appellee, et al.

[Cite as City of Akron v. Alexander, 5 Ohio St. 2d 75.]

(No. 39334—Decided January 26, 1966.)

*Mr. R. C. Sheppard,* director of law, and *Mr. Alvin C. Vinopal,* for appellant.

*Mr. Irving A. Portman,* for appellee.

O'NEILL, J. The question before the court is whether Section 719.10, Revised Code, requires that a view of the premises by the jury be ordered in an appropriation proceeding when a party so demands.

It is clear that the city of Akron may take this property for an urban renewal project. It is equally clear that the city must pay compensation for the taking of such property. Section 19, Article I, Ohio Constitution. This compensation is the fair market value of the property at the time it is taken, as found by the jury, and the jury may not consider the fact that the value of the property has been increased by the proposal or construction of the improvement. *Giesy* v. *Cincinnati, Wilmington and Zanesville Rd. Co.* (1854), 4 Ohio St. 308. A corollary to this proposition is that the jury may not consider the fact that the value of the property has been decreased by the proposal or the construction of the improvement.

In the instant case, the trial court made a finding, supported by substantial evidence presented at the hearing, that a view of the premises would be prejudicial to the rights of the property owner.

From a reading of the evidence presented, it appears that

most of the buildings in the surrounding area had been razed and several of the remaining structures vandalized. The appellee's buildings were, for the most part, vacant and had not been maintained since the commencement of the project. The property was undoubtedly of lesser value than it had been prior to the commencement of the project.

In 2 Lewis on Eminent Domain (3 Ed., 1909), 1330, Section 745, it is said:

"* * * If the proposed improvement had depreciated the value of the property, it would be very unjust that the condemning party should get it at its depreciated value, and the correct rule would seem to be that the value should be estimated irrespective of any effect produced by the proposed work. * * *"

The rule above quoted would seem to be eminently fair and designed to produce the just compensation to which a property owner is entitled for the taking of his property.

The view of the premises by the jury in an appropriation proceeding is not evidence. Rather, it is solely for the purpose of enabling the jurors better to understand the evidence offered by the parties. *Zanesville, Marietta & Parkersburg Rd. Co. v. Bolen* (1907), 76 Ohio St. 377.

Section 719.10, Revised Code, the statutory provision upon which this appeal is based, reads in part as follows:

"A view of the premises to be appropriated shall be ordered by the court when desired by the jury or demanded by a party to the proceedings. * * *"

Appellant contends that this provision is mandatory and requires the court to order a view of the premises when demanded by a party.

A consideration of this statute in the light of Section 19, Article I of the Ohio Constitution, and the well-established rule that the view of the premises is not evidence brings the court to the conclusion that it can not agree with this contention.

One of the rules of statutory construction is that in a case where it is necessary to accomplish the purpose of the Legislature in enacting a statute, a seemingly mandatory provision may be construed to be permissive. This may be done where the omission to construe the statutory provision as mandatory will not render the proceeding illegal and void. *State, ex rel.*

*Smith,* v. *Barnell, Dir.* (1924), 109 Ohio St. 246, 255; *State, ex rel. Crawford, Exr.,* v. *Industrial Commission* (1924), 110 Ohio St. 271, 280.

The court is aware that other courts, in construing similar statutes, have held that such provisions are mandatory, *e. g., Cook County* v. *North Shore Electric Co.* (1945), 390 Ill. 147, 60 N. E. 2d 855; *State Highway Commission* v. *Sauers* (1953), 199 Ore. 417, 262 P. 2d 678; *State Road Commission* v. *Milam* (W. Va., 1961), 120 S. E. 2d 254. In *Rasberry* v. *Calhoun County* (1957), 230 Miss. 858, 864, 94 So. 2d 612, 614, however, it was stated that while the Mississippi statute providing for a view of the premises gives the parties a right to it, in unusual circumstances the court could exercise its discretion to deny a view.

The Legislature did not intend that unless the view was granted the proceedings would be illegal and void, since under the statute it was incumbent upon the jury or a party to ask for a view. The law also provides that the view has no substantive effect upon the proceedings, being merely designed to aid the jury.

The purpose of the statute, in light of the previously stated rules of law, is to provide for just compensation to a property owner and to provide the jury with assistance when the evidence is complex or unclear. In a case where the view would cause an injustice to the property owner and deprive him of compensation to which he is entitled, and where the evidence of valuation is not alleged to be complex or unclear, the legislative purpose would not be served in granting a view of the premises.

In the instant case, the only purpose which a view could serve would be to show the property in an unfair light. The trial court made no finding that the evidence could not be adequately considered by the jury without a view of the premises, nor was such a finding requested. Since the view is not evidence in an appropriation proceeding, since a view was not found to be necessary to an intelligent understanding of the instant case, but was found to be prejudicial to the rights of the property owner, and since a view would not effectuate the purposes for which the statute was enacted, it is difficult to see how the re-

fusal of the trial court to grant the view, on the facts of this case, is prejudicial to the rights of the city of Akron.

The trial court weighed the benefits to be derived from the view against the burden which it would place upon the property owner and determined that it would be prejudicial to grant it.

This court can not say, on the facts of this case, that such finding was erroneous.

For these reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, HERBERT and BROWN, JJ., concur.
TAFT, C. J., MATTHIAS and SCHNEIDER, JJ., dissent.

TAFT, C. J., dissenting. The majority opinion could be used as a persuasive argument either against enactment of a statute such as Section 719.10, Revised Code (see also Section 5519.02, Revised Code), or for repeal of such a statute. However, the words of Section 719.10, Revised Code, leave no doubt as to the intention of the General Assembly to require "a view of the premises to be appropriated * * * when * * * demanded [as it was in the instant case] by a party to the proceedings." The statute provides that "a view * * * shall be ordered by the court when" so "demanded." The court is given no discretion to order or deny such a view when such a demand is made. The mandatory character of this statute is not dependent merely upon the word "shall." Its mandatory character is emphasized and insured by the use of that word with the words "when *demanded.*"

Furthermore, I am unable to reconcile the reasons advanced in the majority opinion for disregarding the mandatory words of Section 719.10, Revised Code, with the conclusions reached by this court in *Director of Highways* v. *Olrich,* 5 Ohio St. 2d 70.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.