291 So.2d 712 (1974)
The REDEVELOPMENT AUTHORITY OF THE CITY OF MERIDIAN, Mississippi
v.
Mary Lee HOLSOMBACK et al.
No. 47462.
Supreme Court of Mississippi.
February 25, 1974.
Rehearing Denied April 8, 1974.
Bourdeaux & Jones, F. Gerald Burnett, Meridian, for appellant.
*713 Robert W. Bailey, Q. Earl Webb, Meridian, for appellee.
INZER, Justice:
This is an appeal by the Redevelopment Authority of the City of Meridian from a judgment of the County Court of Lauderdale County in an eminent domain proceeding, awarding appellee Mrs. Mary Lee Holsomback $18,500 for the taking of her property in the City of Meridian.
Prior to this proceeding, appellee was the owner of a tract of land in Block 10, Lindley's Survey of the City of Meridian. The property is located approximately ten blocks from the courthouse and was zoned C-1, or light industrial. It had been used for many years as low income rental property. There were seven wood frame houses in poor repair located on this tract. One house had been partially burned prior to the time the eminent domain proceedings were instituted. None of the houses had inside water or sewer facilities.
Appellant in its petition alleged that the highest and best use of the property was low income residential and that a fair market value of the property was $10,325. Since the entire tract was being taken, there would be no resulting damage.
Appellee in her answer alleged that the highest and best use of the property was commercial or light industrial and that the fair market value of the property was $22,000.
Appellant offered two real estate appraisers who testified as to the value of the property. One appraiser testified that the fair market value of the property taken was $9,850. The other witness stated that in his opinion the fair market value of the property was $10,600. Both testified that the highest and best use of the property was low income residential.
Appellee testified that she had been familiar with the property in this area for many years. Her husband acquired the property in question in 1944. During the time he owned it, she was familiar with the rental of the property. After he deeded it to her, she had handled the property herself. As rental property, she said the property gave her a return, after expenses, of about $2,000 per year. She also pointed out the location of several commercial and industrial concerns in the immediate vicinity of her property. It was her opinion that the fair market value of her property was $30-35,000.
M.E. Greene, a qualified real estate appraiser, testified that he was familiar with the property in question and the area in which it was located for many years. He pointed out that the property was zoned C-1 and said that the area was changing from low income residential to commercial or industrial. He pointed out the location of business and industrial concerns in the immediate vicinity. It was his opinion that the highest and best use of the property was commercial or light industrial. It was also his opinion that the fair market value of the property was $22,000.
The jury returned a verdict fixing the value of the property taken at $18,500. Hence this appeal.
Appellant urges that the trial court was in error in overruling its motion to exclude all the testimony of M.E. Greene for the reason (1) the witness only relied on two comparable sales involving sales he had made of lots containing only one house, (2) the witness was allowed to testify regarding his opinion of the highest and best use of the property without first establishing the reasonable probability and other ingredients necessary for him to formulate such opinion, (3) the witness was allowed to include in his evaluation testimony $9,500 worth of improvements that were residential in nature without saying such improvements were capable of being altered or in any way made useful as industrial properties.
*714 The trial court in overruling the motion stated:
He testified about the general build up of various businesses in the community, he testified that he had many years of long standing knowledge of the exact community, which (sic) he had owned several pieces of property and sold several pieces of property. He was qualified as an expert, being knowledgeable of the fair market value of properties in that area of Lauderdale County; he also testified that there were certain restrictions concerning classifications which he had given, which the jury will have a right to consider; it's entirely a matter of weight and worth for the jury. The motion is overruled.
We are of the opinion that the trial court was correct in overruling the motion as made. Mr. Greene certainly qualified as an expert, and in his opinion that the highest and best use of the property was for light industrial or commercial purposes met the rule laid down in Mississippi State Highway Commission v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960), wherein we stated:
The rule is well settled that the present value of land sought to be condemned in eminent domain proceedings is not to be estimated simply with reference to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted. The best or most valuable use to which the property, which is taken for the public use, is adapted should be considered. 29 C.J.S., Eminent Domain § 160, p. 1024, and cases cited. "Mere speculative uses cannot be considered. There must be some probability that the land would be used within a reasonable time for the particular use to which it is adapted. * * * There must be a present demand for the land for such purpose or a reasonable expectation of such demand in the near future." 29 C.J.S. Eminent Domain, § 160, pp. 1026, 1027. See also Mississippi State Highway Commission v. Brown, 176 Miss. 23, 168 So. 277. (239 Miss. at 316, 317, 123 So.2d at 427).
The only part of Mr. Greene's testimony that could be subject to objection was that part relative to the method he used to make his appraisal of the property for industrial purposes. However, since appellant did not restrict its motion to excluding only this part of his testimony, we do not pause to consider this question for the reason we cannot put the trial court in error in overruling the motion as made. Furthermore, it is apparent that the jury in fixing the value of the land did not accept this witness' testimony relative to the fair market value of the property in toto. The jury in fixing the value of the property taken, may accept the testimony of some of the witnesses and refuse that of others, and they may accept in part and reject in part the testimony on behalf of the condemnor and on behalf of the landowner. We are of the opinion that there was ample, competent evidence to substantiate the verdict of the jury in this case and that the verdict is not excessive. Therefore, any error in the admission or exclusion of evidence was harmless error. Rule 11, Mississippi Supreme Court Rules (1967).
Appellant assigns as error the overruling of its motion for a setoff of rental income against the interest earned on the judgment. This assignment of error is brought about by virtue of the fact that the legislature in passing Chapter 520, Laws of 1971, provided that the judgment entered as a result of a jury verdict in a condemnation case should bear interest from the date of the filing of the petition until payment. The pertinent part of this chapter is now Section 11-27-19, Mississippi Code Annotated (1972), and reads as follows:
Evidence may be introduced by either party and the jury may, in the sound *715 discretion of the judge, go to the premises, under the charge of the court as to conduct, conversation, and actions as may be proper in the premises. Evidence of fair market value shall be established as of the date of the filing of the petition. Any judgment finally entered in payment for property to be taken shall provide legal interest on the award of the jury from the date of the filing of the petition until payment is actually made; provided, however that interest need not be paid on any funds deposited by the petitioner and withdrawn by the defendant prior to judgment. (Emphasis added).
Prior to the enactment of this section there was no statute fixing the time that the interest would begin. In Mississippi Highway Commission v. Treas, 197 Miss. 670, 20 So.2d 475 (1945), we laid down the rule that the judgment of an eminent domain case would bear interest from the date of the judgment in circuit court. However, it was pointed out that we had no statute fixing the time that the interest would begin. We are of the opinion that the legislature had the right to fix the time that the interest would begin and saw fit to fix it to start from the date the petition was filed. Furthermore, it did not see fit to provide that where the property owner retained possession and collected rent that the condemnor would be entitled to a setoff. It is not the function of the Court to inquire into the wisdom of the action of the legislature, however, we can see good reason why the legislature would make such a provision. We do not deem it wise for this Court to engraft onto the statute a provision that the owner of the property being condemned who derives income from the property after the petition is filed is required to reduce the interest by the amount collected. We are content to leave any such action to the legislature. We are of the opinion that the trial court was correct in overruling this motion.
Finally, appellant urges that the trial court committed reversible error in overruling its motion to allow the jury to view the premises in question. The record reflects that the appellant made a motion at the outset of the trial that the jury be allowed to view the premises. The trial court reserved ruling on the motion and took it under advisement until the court had heard the evidence. After both sides rested the motion was renewed. The court overruled the motion stating that in its opinion the evidence was such that a view of the premises would serve no useful purpose. Appellant admits the question of whether the jury would be allowed to view the premises is left to the sound discretion of the trial court, but contends that the court abused its discretion in this case. We do not think so. The maps, photographs and testimony gave a vivid description of the property to be taken and the surrounding area. While there was some conflict in the evidence regarding elements that could affect the value of the property, we cannot say that the court abused its discretion in overruling the motion. However, we would point out that it is a better practice to allow the jury to view the premises where such view may be of assistance to the jury in resolving the conflicts in the evidence relative to the value.
After a careful review of the record in this case, we find no reversible error and are of the opinion that this case should be and is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SUGG and WALKER, JJ., concur.