BOWLING, Justice,
for the Court:
This is an eminent domain case that originated in a Special Court of Eminent Domain in Jackson County. The landowner disagreeing with the jury’s verdict appeals and propounds several alleged reversible errors. We need to consider only one assignment of error as it requires a reversal of the cause for a new trial. This assignment is:
THE COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO LET MR. BOB STEPHENS TESTIFY AS AN EXPERT IN THE FIELD OF APPRAISING PROPERTY THUS PREJUDICING THE RIGHTS OF THE LANDOWNER BY TAKING PROPERTY WITHOUT JUST COMPENSATION.
The Wade Baptist Church is located on the northwest corner of the intersection of highways numbered 63 and 614. The taking consisted of property and access fronting on both highways. For the purposes of this opinion, it is not necessary for us to go *762 into further detail as to the remaining testimony regarding the proper amount owed the church. The highway commission introduced one expert witness. The church introduced one of the three member Board of Trustees. The testimony of these two witnesses, as is usually the case, was not the same regarding values. The church attempted to introduce Mr. Bob Stephens as an independent witness; however, the trial judge sustained appellee’s objection to testimony from Mr. Stephens, the court stating that he did not have the necessary qualifications. We therefore are limited to a discussion of Mr. Stephens’ qualifications and whether or not it is reversible error that his testimony was not permitted to be heard by the jury.
Mr. Stephens first testified that he had been a licensed real estate appraiser since 1972 at the direction of the proper state agency; however, there is no such title in the state, but he had a broker’s license from the Mississippi board which authorized such appraisal work. He was a member of the Jackson County Homebuilder’s Association and Jackson County Board of Realtors. He served as president of Jackson County Homebuilder’s Association. He was at one time president of the Gulfport Board of Realtors and was on the Board of Directors of the state association. He is a member of the National Homebuilders Association and the National Board of Realtors. He has been in the real estate business approximately 16 years. He has done appraisal work “most of this time, but not on a full-time basis.” He was manager for Reid-McGee Mortgage Company [now Cameron-Brown, Inc.] for nine years and appraised property on which that company made loans. He had done appraisal work for Hancock Mortgage Company, Coast Federal Savings & Loan, Southern Savings and Loan, First Southern Savings Association of Gulfport, Depositors’ Savings of Jackson, Gulfport National Bank, Kimbrough Investment Company, Aetna Insurance Company, Merrill Lynch Company, Bailey Mortgage Company, First National Bank of the South, Wortman and Mann, Deposit Guaranty Mortgage Company, Veterans’ Administration, Federal Housing Association, Federal National Mortgage Association and Jackson County.
Stephens received a B. S. degree from the University of Southern Mississippi. He had performed both residential and commercial appraisals with the majority being residential. At the time of the trial he was making about fifty appraisals each month. He attended and completed an appraisal course with the SREA, a society of real estate appraisers. For two and one-half years pri- or to the time of the trial he had done full-time appraisal work and part-time for all the years he had been in the real estate business and working with the above set out mortgage loan companies. Stephens had periodically attended special seminars and courses of appraisals held by FHA and VA. He is a member of the National Association of Real Estate Boards. In connection with the courses he had attended, he kept appraisal textbooks and periodically received information from those associations.
In Mississippi State Highway Comm’n v. Strong, 240 Miss. 756, 129 So.2d 349, (1961), we stated:
It will not be presumed that a witness is competent to give an opinion, but it must be shown that he has some peculiar means of forming an intelligent, correct judgment as to the value of the property in question or the effect upon it by a particular improvement, beyond what is possessed by men generally. It is apparent that the opinion of a witness should not be admitted where it appears that his opportunity for knowledge concerning the land was slight or that his knowledge was remote in point of time. The witness must be acquainted with the property sought to be taken before such witness can give his opinion as to the “fair market value of property.” [citations omitted] Real estate dealers and brokers are, however, likely to have greater familiarity with land values, and they constitute perhaps the larger part of the class of value witnesses.
*763 In Mississippi Highway Comm’n v. Terry, 288 So.2d 465 (Miss.1974), we stated “[valuation of real estate may be an art, but it is not an exact science.”
In Glens Falls Ins. Co. v. Linwood Elevator, 241 Miss. 400, 130 So.2d 262 (1961), we stated:
This Court has pointed out in the case of King v. King, 161 Miss. 51, 134 So. 827 that a witness need not be infallible or possess the highest degree of skill to testify as an expert. It is generally sufficient that the witness possess knowledge peculiar to the matter involved, not likely to be possessed by ordinary laymen. A doctor was permitted to testify as to the “probabilities of a recovery” in the case of Griswold v. New York & H. R. R. Co., 115 N.Y. 61, 21 N.E. 726. In the case of Mutual Life Ins. Company of New York v. Rather, et al., 221 Miss. 527, 73 So.2d 163, this Court held that a doctor might testify, not only to facts observed by him, but give his opinion, on proper interrogation. See Schamoni v. Semler, 147 Or. 353, 31 P.2d 776.
We further stated in Strong, supra,
[t]he witnesses introduced to prove the value of the property are sometimes called expert witnesses but this is a misnomer for no peculiar ability or specialized training is required to testify as to the value of property.
We note here that appellee cites no authority that would prohibit Mr. Stephens from qualifying as an expert under his qualifications as hereinbefore related.
In our opinion that trial court was in error in sustaining appellee’s objection to the testimony of Mr. Stephens. His qualifications were sufficient to permit his testimony in the relatively simple case before us. The import to be given his testimony is for the jury. We are therefore reversing and remanding the cause for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, HAWKINS and DAN M. LEE, JJ., concur.