SULLIVAN, Justice,
For the Court:
On July 20, 1984, the State Highway Commission of Mississippi filed an application for special court of eminent domain seeking to condemn 3.43 acres of real property owned by Marven M. Smith, et al, in George County, Mississippi, for the construction of two new lanes on U.S. Highway No. 98 in State Project No. 79-0014-03-034-10. The court was organized in George County, where the subject property lay. The trial resulted in a jury verdict and judgment in the sum of $21,500.00.
The State Highway Commission, aggrieved at the decision of the jury and the judgment of the court, appeals to this Court for relief.
I.
WHETHER THE LOWER COURT ERRED IN ALLOWING THE DEFENDANT, MARVEN M. SMITH, TO TESTIFY TO SPECULATIVE LOSS OF PROFITS AND LOSS OF BUSINESS AS A RESULT OF THE CONDEMNATION OF HIS PROPERTY?
The Commission contends that the testimony of Marven Smith regarding loss of profits is reversible error due to the uncertainty and speculation involved in the future of any business. With this we agree. Furthermore, we find the testimony of Marven Smith regarding future profits to be even more speculative because Mr. Smith did not even have a business located on the property condemned on July 20, 1984, which was the filing date of the application for special court of eminent domain.
We have repeatedly spoken to the inadmissibility of evidence concerning yield and production of income from property as an element of damage. Mississippi Highway Commission v. St. Catherine Gravel Co., 380 So.2d 231 (Miss.1979); Green Acres Memorial Park, Inc. v. Mississippi State Highway Commission, 246 Miss. 855, 153 So.2d 286 (1963); Mississippi State Highway Commission v. Rogers, 236 Miss. 800, 112 So.2d 250 (1959). In Rogers, we summarized our familiar rule:
“But testimony of profits derived from a business conducted on the condemned property is rejected as inadmissible. The reason for excluding such testimony is that the profits from a business are extremely uncertain, highly speculative, and depend on many contingencies aside from the use to which the land taken is being put. These profits depend a great deal on capital invested, general business conditions, the skill and ability of the proprietor, the manner in which he conducts his business, and many other elements. One man will often succeed where another will fail. Furthermore, neither the business nor its profits are acquired in eminent domain.”
112 So.2d at 252-253.
Furthermore, “anticipated future profits are objectionable not only upon the grounds stated with respect to past profits, but also on the ground that such profits are necessarily conjectural. Such profits depend on so many contingencies that an accurate valuation cannot be based thereon.” Green Acres Memorial Park, Inc. v. Mississippi State Highway Commission, 246 Miss. 855, 866, 153 So.2d 286, 291 (1963). See also, Mississippi State Highway Commission v. McCardle, 243 Miss. 111, 137 So.2d 793 (1962).
*883 In reliance on the authorities presented above, we find reversible error on this point. While we reverse and remand on the issue presented above we find it necessary to address other questions posed herein, in order to provide guidance to the attorneys and the lower court in the next trial of this matter.
We find that the lower court did not err in allowing Frank Roberts to testify as an expert witness in the field of real estate appraisal. We base our decision on the authority presented in Trustees of Wade Baptist Church, et al v. Mississippi State Highway Commission, 411 So.2d 761 (Miss.1982), and more recently in Mississippi State Highway Commission v. Franklin City Timber, 488 So.2d 782 (Miss.1986).
We caution that Mississippi recognizes and follows the before and after rule in determining the measure of damages when a part of a tract of land is taken for public use. Wade, supra, and Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940). Also, while testimony as to comparable land sales in establishing the fair market value of condemned property is admissible, we have held that it is error to allow the jury, through witness testimony, to consider as evidence the sales of non-comparable property. Mississippi State Highway Commission v. Central Land & Rental Corp., 239 So.2d 335 (Miss.1970); Mississippi State Highway Commission v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960).
We have, on numerous occasions, spoken to this issue and have provided a rule addressing it. See Redevelopment Authority of the City of Meridian v. Holsomback, 291 So.2d 712, 714 (Miss.1974); Mississippi State Highway Commission v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960). We find that the appraisers for Smith, et al, failed to establish the probability that the subject land would either be used within a reasonable time, for commercial purposes or that there was a demand for such property for those purposes. See Mississippi Power Co. v. McDonald, 388 So.2d 138 (Miss.1980).
Therefore, the judgment of the lower court is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.