ETHRIDGE, Chief Justice.
The Mississippi State Highway Commission brought this eminent domain proceeding to condemn a highway right of way through the land of Ray G. Magee and wife, appellees, in Lincoln County. The jury in a Special Court of Eminent Domain returned a verdict of $22,000. On a trial de novo in the Circuit Court of Lincoln County, the jury verdict was for $15,000, on which a judgment was entered. We hold the evidence was wholly insufficient to support an award in this amount, and reverse and remand the case for a new trial.
*239 The Magees own a 40-acre tract of land in a rural area about twelve miles from Brookhaven. It is in almost the shape of a triangle, with the west and south lines being at right angles, and the north and east lines at an angle of S3 degrees. The property is typical farm and pasture land. A paved public road traverses the north and east lines of the land in front of the residence of appellees. It is a frame home of 1,211 square feet. Also facing to the east near the residence is a 1,431 square foot, general mercantile and automobile shop building; a frame 744 square foot commercial auto garage; a private garage of 484 square feet; a well-house; and a barn of 387 square feet. The store and garage are operated by appellees. Ten acres are cultivatable land, and thirty acres woodland pasture, with growing pine timber of the pulpwood class, six to eight inches. The farm fronts one-fourth mile on the Nor-field Road.
The Commission is taking an aggregate of 12.04 acres, in two parcels. Parcel one (11.76 acres) is the non-access right of way for an interstate highway, running generally north and south on the extreme west side, but leaving one acre landlocked west of the right of way. Parcel two (.28 acres) is an access right of way for the relocation and reconstruction of the Norfield-Arling-ton Road, which runs in front of appellees’ home. Previously the road ran west, but since the interstate highway is cutting it off, it has been redirected north and northwest to an interchange, which is approximately 1800 feet north of appellee’s land. After the taking, there will remain 26.96 acres on the east side of Interstate 55. After relocation of the road, the right of way line comes within 33 feet of appellees’ home. The present distance from the house to the paved portion of the old road is 75-80 feet. However, after relocation the distance from the house to the paved portion of the relocated road will be 83 feet. The relocation will take two trees from the front yard of appellees. The highway will take a one-half acre pond. Some fencing was destroyed, which appellees had to replace. About half of the land taken is in pulpwood timber, and about half in good pasture. The jury viewed the premises.
C. P. Moore, an appraiser for the State Highway Department, valued the land and improvements before the taking at $17,410; after the taking, $13,000; with damages of $4,410.
O. H. Hartman, Jr., a realtor of Brook-haven, valued the land before the taking at $20,664, and computed the damages for the taking at $3,550.
Both witnesses testified in detail as to sales of asserted comparable lands within the past few years. They itemized a number of sales of this type, with an average value of $100 per acre.
The only witness for appellees was Mrs. Ray Magee. The testimony of a Jackson realtor was excluded, because based on sales of comparable land to the Highway Commission, and on income value. See 29A C.J.S. Eminent Domain § 273(7) and (10) (1965). Mrs. Magee said the value before the taking was “between thirty and thirty-five thousand dollars,” and after the taking, “about fifteen thousand dollars.” She appraised it for “what it is worth to us.” She would not attempt to value the improved pasture land or timber land. She was asked how much loss in value her land had suffered as a result .of the taking, to which she replied, “I don’t know.” She stated that she did not have “any reasonable basis” for her opinion. Although we do not find error in permitting Mrs. Magee to testify, her testimony was of no value in determining damages.
Since appellees’ evidence was of a nature insufficient to contradict that of appellant, the verdict of $15,000 is against the overwhelming weight of the evidence. Moreover, appellant’s evidence consisted of detailed and reasonable economic appraisals of the property, with many asserted comparable sales substantiating them. Un *240 der all of these circumstances, the verdict cannot stand.
The trial court did not abuse its discretion in permitting' the jury to view the property. Miss.Code Ann. § 2770 (1956) ; Rasberry v. Calhoun County, 230 Miss. 858, 94 So.2d 612 (1957).
Reversed and remanded.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.