PATTERSON, Justice:
This appeal arises from a judgment of the Circuit Court of. Newton County. A jury there awarded the appellees $5100 for three tracts of land acquired by the Mississippi State Highway Commission through eminent domain proceedings.
The land condemned, 1.99 acres in fee and 2.97 acres as an easement, was necessary to the improvement of Highway 15 in Newton County. The improvements consisted of replacing deteriorating bridges and widening the roadbed adjacent to the west side of the lands of the appellees.
The appellees’ property consists of 73J4 acres upon which their residence is located. The remainder of the acreage is used for pasture. It is traversed by Turkey Creek.
The record reflects that prior to the improvements the flow of Turkey Creek during times of flood was divided by the highway embankment so that a portion of the flood waters flowed southward along the west side of the highway to a point below the appellees’ property, but that the improvement blocked this southerly flow of flood water and it is now concentrated through new culverts into the channel of Turkey Creek, resulting in the flooding of appellees’ property in excess of that of previous years.
The record reflects that the jury inspected the property site and heard witnesses, including the landowners, as to the before and after value of the land. Its verdict was within the value extremes of the testimony of the witnesses for the highway department and the landowners.
The appellant contends on appeal that the testimony of an appraiser for the ap-pellees was erroneously admitted into evidence since this witness had no knowledge of the value of the land prior to the condemnation by the highway department and though excluded by the trial court, nevertheless requires reversal, and the verdict of the jury is so excessive as to evince bias or prejudice against the appellant.
The first assignment of error is controlled by Mississippi State Highway Commission v. Strong, 240 Miss. 756, 765, 129 So.2d 349, 352 (1961), wherein we stated:
. The “before and after” rule, however, does not mean that each witness must give a before and after valuation of the property; because some witnesses may know the fair market value of the property before the taking, and not know the fair market value of the property after the taking, and vice versa.
The trial court, though it first permitted the introduction of the value of the land prior to the taking by the appellees’ appraiser, later reversed itself and held this testimony to be incompetent and instructed the jury to disregard it. We have no reason to believe the jury failed to heed this admonishment of the trial judge. Consequently, we are of the opinion this assignment of error is without merit.
We have reviewed in detail the evidence and cannot state with any degree of certainty that the jury award of $5100 is so excessive as to require the cause to be reversed. The before and after value of the land, the issue, was presented to the jury by the instructions. The jury also viewed the property, the photographs of the flood waters introduced into evidence and heard the testimony of the witnesses. The admixture of proper instructions and competent evidence is the raw material from which jury verdicts are fashioned. We find no error in the record and in the absence thereof are of the opinion that the judgment based upon the jury verdict should be affirmed.
Affirmed.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.