288 So.2d 465 (1974)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
George Norman TERRY et al.
No. 47356.
Supreme Court of Mississippi.
January 14, 1974.
Williams, Gunn, Eppes & Crenshaw, Meridian, for appellant.
Snow, Covington, Temple & Watts, Meridian, for appellees.
SMITH, Justice:
Eminent domain proceedings, out of which this appeal arose, were begun by Mississippi State Highway Commission in the County Court of Lauderdale County for the acquisition for right-of-way purposes of certain land owned by appellee, George Norman Terry (and others).
Following a bitterly contested trial, the jury returned a verdict fixing appellees' compensation and damages at $48,000 and judgment was entered accordingly. The Circuit Court affirmed the judgment, and the Commission, considering the award grossly excessive, appealed here.
The brief filed on behalf of the Commission states:
In such proceedings approximately 10.27 acres of defendants' property was being taken, 6.97 acres (Parcel No. 1) no access right of way; 0.99 acres (Parcel No. 2) access right of way; 0.14 acres (Parcel No. 3) access right of way; 1.82 acres (Parcel No. 4) drainage easement; 0.35 acres (Parcel No. 5) drainage easement (Tr. 3-5). The total take excluding the drainage easements was 8.1 acres and, adding the 2.17 acres drainage easements, was 10.27 acres. It becomes readily apparent that the landowners were awarded between $4,700.00 and $5,900.00 plus per acre for their land depending on whether the drainage easements are included or excluded.
From the evidence, including plats, it appears that the tract, located near Meridian and owned by appellees, to be affected by the proposed taking, consisted of 1.07 acres west of U.S. Highway 45 and 31.58 acres east of that highway. The larger or eastern portion was traversed by railroad tracks. The 1.07 acres west of the highway were used by appellees largely for business purposes and upon it were located *466 the business office, two large fuel tanks, a large steel business sign, an asphalt driveway, water system with deep well, pump and filter system, heavy drill rack, garage and stable. The contemplated taking would include a substantial portion of the building housing appellee's office and would necessitate a new building or relocation, if reasonably possible, of the present building. On that part of the land east of Highway 45, but west of the railroad tracks, is located appellees' three-bedroom home in which they reside. Also upon this part of the land there is a trailer-residence in which appellees' daughter lives together with other improvements, including 31 trees planted by appellees, deep water well and considerable fencing. There are also driveways from the residence and from the trailer to the highway. There is inside plumbing in the dwelling and a sewerage or septic tank arrangement system. The Commission is taking 6.97 acres of the eastern portion of the land, plus 2.17 acres as a drainage easement. Contemplated relocation of present Highway 45 will cause it to pass closer (within 35 feet) to the front of appellees' home. The relocated highway passing in front of the house will be 2 to 3 and 1/2 feet higher than its present level. Also to be taken is the right-of-way for construction of a new four-lane Highway 45 by-pass which will cross over the railroad tracks at an elevation of 35 feet.
Each side offered a number of witnesses, including the usual "expert" real estate appraisers, who testified as to the before and after value of the property. The figures given by these "experts" varied widely, those given by the witnesses for the landowners being a great deal higher than those testified to by appraisers offered by the Commission. In addition to this, the jury went upon the property and viewed it.
As previously noted the trial in the lower court was hotly contested. Not all of the considerable heat generated there has yet been dissipated. The verdict is considered grossly excessive by the Commission, reasonable by the landowners.
The Commission assigns, and argues with considerable force, a number of errors alleged to have been committed in the course of the trial and insists that they require reversal and a new trial. We have examined the record and have carefully considered the lengthy briefs filed by each of the parties with respect to all of these matters. From this, we are forced to conclude that the matters assigned as error have been dealt with by this Court in former cases, and that we cannot say with any degree of confidence that the rights of the Commission were prejudiced thereby. We have said repeatedly that we cannot retry the case here nor can we substitute our judgment for that of the jury. In addition to hearing and observing the witnesses at first hand, the jury went upon the premises and there observed its various features, the location of the improvements and the extent and foreseeable effect of the proposed taking. The jury was not bound to accept the exact figures given by any of the experts. The opinions of the appraisers offered by the Commission as to the before and after values are, after all, opinions only and were to be considered by the jury with the opinions of the appraisers offered by the landowners. The competency of these people as experts was for the court, the weight to be given their testimony was for the jury. It does not appear that the court abused its discretion in allowing them to testify. Valuation of real estate may be an art but it is not an exact science. An opinion of a real estate appraiser as to land values is not a matter so apodictically exact as not to be susceptible, in all honesty, to wide variation from that of his fellows. Granted that such evidence, almost always offered in these cases, is highly unsatisfactory as a basis for a jury verdict supposed to represent a just and accurate award of damages, no alternative mode of proof has yet been devised and, until it is, the amount of the award must remain one of those areas of the law *467 wherein resolution of fact issues is left to a jury of laymen. The award here seems high but the jury heard and observed the witnesses and also were afforded an opportunity to see the situation with their own eyes. The award cannot be judged strictly or solely upon an acreage basis as suggested by the Commission. Unquestionably under the circumstances here there were substantial consequential damages. We are simply unable to say that the award in this case is not supported by evidence or so excessive as to evince passion or prejudice on the part of the jury or as to shock the enlightened conscience.
A cross-appeal by appellees, directed toward dismissal of the Commission's appeal, is not well taken. The case will be affirmed on both direct and cross-appeals.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.