816 So.2d 393 (2001)
Charles Hailey DAVIDSON and Charles Winfrey Davidson, Appellants,
v.
MISSISSIPPI TRANSPORTATION COMMISSION, Appellee.
No. 2000-CA-01054-COA.
Court of Appeals of Mississippi.
October 30, 2001.
Rehearing Denied January 15, 2002.
Certiorari Denied May 16, 2002.
*394 Jack W. Land, Wallace R. Gunn, Patricia A. Thomas Burchell, Attorneys for Appellants.
Jack Homer Pittman, Hattiesburg, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., For the Court:
¶ 1. This appeal emanates from a judgment of the Forrest County Special Court of Eminent Domain. A jury returned a verdict in favor of the Davidsons in the amount of $45,732, for land taken by the Mississippi Transportation Commission (the Commission). Aggrieved by the jury verdict, and judgment entered thereon, the Davidsons appeal and submit three assignments of error which we quote verbatim: (1) the trial court abused its discretion in refusing to admit the defendant's comparable sales while admitting the plaintiff's comparable sales, (2) the trial court erred in refusing to admit defendant's video of the interstate approach to the subject property after the jury failed to view the property from the Interstate 59 approach, and (3) the verdict rendered by the jury is against the overwhelming weight of the credible evidence.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. The Commission filed a complaint in the Forrest County Special Court of Eminent Domain condemning 1.357 acres of a 1.567 acre tract of land owned by Charles Winfrey Davidson and his son, Charles Hailey Davidson. The property is located north of the corporate limits of the city of Hattiesburg on Eatonville Road on the east side of Interstate 59 and was condemned for the purpose of constructing a four-lane bypass highway from I-59 easterly north of Petal to Highway 42. The *395 Commission's statement of values listed the value of the condemned property at $41,900. The Davidsons's response to the complaint listed the value of the property at $175,000.
¶ 4. The parties agreed that the valuation date of the taking was June 4, 1999, and that the highest and best use of the property was commercial. Additionally, the trial court allowed the Davidsons to show the special use potential of the property as a service station/convenience store.
¶ 5. Stephen Douglas Downing, an appraiser for the Commission, testified that the land was worth $.62 per square foot or $41,900. Doug Davis, an appraiser for the Davidsons, testified that the property was worth $1.61 per square foot or $109,895. The senior Davidson testified that the property was worth $170,000. He also testified that, upon his retirement, he planned to develop the land into a 24 hour a day, multi-island gasoline/convenience store which also sold fast food.
¶ 6. Before returning its verdict, the jury was taken to view the property. As stated, the jury returned its verdict affixing just compensation at $45,732. After the Davidsons's motion for a new trial and alternative motion for an additur were denied, this appeal ensued. Additional facts as appropriate will be included in the discussion of the issues.

ANALYSIS OF ISSUES PRESENTED

I. Admission of Comparables
¶ 7. The Davidsons argue that the trial court abused its discretion in refusing to admit all but one of their comparable sales, while admitting the Commission's comparable sales. Specifically, the Davidsons complain about the trial court's refusal to allow them to present evidence of five sales along Interstate 59. This action by the trial court, according to the Davidsons, prevented them from getting before the jury sufficient evidence to prove the value of their property.
¶ 8. As to our standard of review, the Davidsons, as well as the Commission, direct our attention to Mississippi Transp. Comm'n v. Fires, 693 So.2d 917 (Miss. 1997), which states the general standard of review for the exclusion of testimony. The Fires court held that the "admission or exclusion of testimony based on relevancy is within the discretion of the trial judge, and [an appellate] Court will reverse only if it finds that an abuse of discretion has occurred." Id. at 920 (citing Terrain Enter. v. Mockbee, 654 So.2d 1122, 1128 (Miss.1995)). However, in the event the court misuses its authority and admits or excludes evidence based on an incorrect legal standard, the error is one of law and the trial court's decision is not given the same deference. Id. (citing Bean v. Broussard, 587 So.2d 908, 913 (Miss.1991)).
¶ 9. Additionally, the parties point us to Dennis v. City Council of Greenville, 646 So.2d 1290 (Miss.1994) which holds that (1) evidence of sale price of similar property is admissible in eminent domain proceedings, (2) that parties to such proceedings may rely on comparable sales to establish value of condemned property, and (3) the comparable sales do not have to be identical in every respect to the condemned property. Id. at 1294 (citing Pearl River Valley Water Supply Dist. v. Wright, 203 So.2d 69, 71 (Miss.1967)).
¶ 10. Mindful of our standard of review, we turn now to the application of the law to the facts in our case. As stated, the trial court admitted three comparable sales offered by the Commission. Mr. Downing, the Commission's appraiser, testified that he was unable to find comparable sales in the immediate area, and, because of the absence of such sales, he utilized sales from different locations. We *396 now consider the comparable sales offered by the Commission and admitted by the trial court.
¶ 11. The first comparable sale utilized by the Commission was a one-acre tract located approximately seven to eight miles southeast of the Davidsons's property on Highway 42. The traffic count in 1998 for this location exceeded the Eatonville Road traffic count at the location of the Davidsons's property. The trial court accepted this sale on behalf of the Commission. This sale occurred on September 22, 1995, and the sale price for this tract was $25,218.
¶ 12. The second comparable sale was a 1.13 acre tract located two and a half to three miles south and east of the Davidsons's property. The specific location is the intersection of U.S. Highway 11 and Highway 42. As was the case with the first comparable, the traffic count in front of this location in 1998 exceeded the Eatonville Road traffic count at the location of the Davidsons's property. The sale transaction occurred on May 24, 1995. The property was undeveloped but the area surrounding it was more developed than the area surrounding the Davidsons's property. The property sold for $35,000, and of that amount, $30,973 was for the land only.
¶ 13. The third comparable sale was a 1.17 acre tract located on the corner of Beechwood Road and Highway 42 east of Petal and approximately six miles southeast of the Davidsons's property. The traffic count near this location in 1998 also exceeded the Eatonville Road traffic count for the Davidsons's property. The date of sale was March 22, 1996, and the sale price was $30,000 or $25,641 per acre.
¶ 14. We turn now to the sales offered by the Davidsons. All six sales offered by the Davidsons were of land located at or near various interchanges of that portion of Interstate 59 which traverses the corporate limits of the city of Hattiesburg. More specifically, the six sales consisted of three sales near the intersection of U.S. Highway 49 and Interstate 59, two sales near the intersection of U.S. Highway 98 and Interstate 59 and one sale near the intersection of U.S. Highway 11 and Interstate 59.
¶ 15. The first sale offered by the Davidsons was a one acre tract located on the corner of Highway 11 or Veterans Memorial Drive and Jervis Mims Road which is inside the corporate limits of the city of Hattiesburg. The date of sale was April 30, 1999. The trial court determined that the land comprising this sale was comparable to the Davidsons's. The Davidsons's appraiser determined, after making appropriate adjustments, that the price per square foot was $1.61.
¶ 16. After hearing the testimony of the senior Davidson and his appraiser, James Douglas Davis, regarding the location, acreage and development of the parcels of land comprising the other five sales offered by the Davidsons, the trial court determined that the sales were not comparable to the Davidsons's property and did not allow into evidence testimony as to the sale price. The trial court acknowledged that Interstate 59 was a common thread tying the Davidsons's property at the Eatonville Road interchange as it does the properties at the Highway 49 and Highway 98 interchanges. However, the trial court concluded that the sales at the Highway 49 and Highway 98 interchanges were of land located in heavily developed improved areas and, for that reason, were not similar or comparable to the Davidsons's land which is located in essentially an undeveloped to only sparsely developed area.
*397 ¶ 17. It is true, as the Davidsons's contend and the case law holds, that the offered sales do not have to be identical in every aspect with the condemned property; nevertheless, that call is made by the trial judge and, as stated, is reviewable under an abuse of discretion standard. We have reviewed the evidence offered in regard to these sales, along with the trial court's ruling, and we cannot say that the trial court abused his discretion in determining that the offered sales were not similar to the Davidsons's property. Accordingly, we find this issue to be without merit.

II. Exclusion of the Videotape as Evidence
¶ 18. The Davidsons assign error to the trial court for refusing to admit their videotape of the interstate approach to their property. The Davidsons offered a video taken from a car while the car proceeded along Interstate 59 to the Eatonville Road exit. The Davidsons argue that it was vital to their case that the jury see the property from the interstate interchange.
¶ 19. A trial judge is vested with discretion to allow a viewing of a videotape of condemned property where the judge has already allowed the jury an actual viewing of the property. Trustees of Wade Baptist Church v. Mississippi State Highway Comm'n, 469 So.2d 1241, 1247 (Miss.1985). Here, the judge ruled that the videotape was inadmissible because only a short portion of the tape showed the location of the property in relationship to Interstate Highway 59. The judge reasoned that the jury had been allowed to physically view the location of the property and that the tape did not add any significant admissible evidence to what the jury had already seen. As with the previous issue, we find no abuse of the trial judge's discretion in the handling of this matter.

III. Weight of the Evidence
¶ 20. The Davidsons suggest that the jury's verdict is against the overwhelming weight of evidence because the trial judge excluded evidence of comparable sales that deprived the jury of an opportunity to consider all the available credible evidence. We have already dealt with the matter of the excluded sales, and there is no need to repeat that discussion here. Suffice it to say that, based on the evidence presented to the jury, we cannot say the jury's verdict evidences bias, passion and prejudice or is so grossly inadequate as to shock the enlightened conscience of the court. Further, an appellate court does not have the authority to retry a case or substitute its judgment for that of the jury. Mississippi State Highway Comm'n v. Terry, 288 So.2d 465, 466 (Miss 1974). When the jury has had an opportunity to view the premises, observe the location and hear the opinions of the appraisers from both parties, the weight that the evidence will carry is a question for the jury to resolve. Id. The Commission also directs our attention to Crocker v. Mississippi State Highway Comm'n, 534 So.2d 549, 554 (Miss.1988), which holds that "where the jury has viewed the property being taken, any substantial evidence in the record supporting the jury's damage assessment will preclude reversal." We find substantial evidence to support the jury's verdict and the trial court's denial of a motion for an additur. Accordingly, this assignment of error is without merit.
¶ 21. We find no abuse on the part of the trial court in denying the Davidsons's post-trial motions. Accordingly, the decision of the trial court is affirmed in all aspects.
¶ 22. THE JUDGMENT OF THE FORREST COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED. ALL COSTS OF THIS APPEAL *398 ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.